UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EVAN JENT, et al.,              :
                               :   NO. 1:10-CV-00783
          Plaintiffs,          :
                               :
                               :   **OPINION AND ORDER**
    v.                         :
                               :
                               :
BAC HOME LOANS SERVICING, LP,  :
                               :
          Defendant.           :


     This matter is before the Court on Defendant's Motion for
Partial Judgment on the Pleadings(doc. 8), Plaintiffs' Response in
Opposition (doc. 13), and Defendant's Reply (doc. 15).  For the
reasons indicated herein, the Court DENIES Defendant's Motion for
Partial Judgment on the Pleadings.

**I.  Background**

     Evan and Whitney Jent ("Plaintiffs") had a mortgage on
their home serviced by Taylor Bean & Whitaker ("TBW") (doc. 1).  In
August 2009, Plaintiffs refinanced their mortgage debt with First
Residential Mortgage Network and allege that the funds from this
transaction were sent to TBW to fulfill their mortgage debt (Id.).
In their Complaint, Plaintiffs allege that TBW filed bankruptcy
around the same time, and Defendant BAC Home Loans Servicing
("BACHLS") then became the servicer of the debt (Id.).  Defendant
did not initially credit the refinancing money to the Jents' TBW
mortgage, and Plaintiffs allege Defendant consequently brought a

wrongful foreclosure action in the Hamilton County, Ohio, Court of Common Pleas on March 31, 2010 (Id.). The foreclosure action was withdrawn just over a week later, on April 9, 2010 (Id.).

In November 2010, Plaintiffs filed their Complaint alleging seven causes of action, including: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"; 15 U.S.C. § 1692a), (2) violation of the Real Estate Settlement Procedures Act ("RESPA"; 12 U.S.C. § 2605), (3) negligent servicing, (4) breach of contract and the covenant of good faith and fair dealing, (5) violation of the Ohio Consumer Sales Practices Act ("OCSPA"; O.R.C. § 1345.01), (6) wrongful acceleration, and (7) wrongful foreclosure (Id.).

On March 29, 2011, Defendant filed the instant Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), attacking Counts V-VII, that is, Plaintiffs' OCSPA and tort claims (doc. 8). Defendant contends it is not subject to the OCSPA (Count V) for three reasons (Id.). First, Defendant argues that its relationship with Plaintiffs does not subject it to the OCSPA because the transaction at issue in this case was a pure real estate transaction and such transactions are outside the scope of the act (Id., citing Brown v. Liberty Clubs, Inc., 45 Ohio St.3d 191, 193, 543 N.E.2d 783 (1989)). Second, Defendant argues the exceptions to Brown created by certain 2007 amendments to the OCSPA did not include mortgage servicers (Id.). Under the amended

2

version, Defendant notes the statute states that to be a "supplier" in the context of a mortgage transaction, and thus subject to the OCSPA, a company must be a "nonbank mortgage lender." Defendant contends that mortage servicers, like itself, do not fall within such definition. Finally, Defendant argues that the OCSPA specifically excludes subsidiaries of national banks, and because it is a subsidiary of Bank of America, it cannot be subject to the OCSPA[1] (Id.).

Plaintiffs responded that Defendant is a "supplier" under relevant case law and consequently is subject to the OCSPA (doc. 13; citing Dowling v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 87098 (Dec. 1, 2006 S.D. Ohio)). In Plaintiffs' view, the OCSPA broadly defines "supplier" as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions," a definition that would include Defendant (Id. citing O.R.C. § 1345.01(C). In addition, Plaintiffs allege that the transaction was not purely a real estate transaction, but instead also included a consumer transaction

---

[1]The term "mortgage broker," according to the OCSPA, "does not include a bank, savings bank, savings and loan association, credit union, or credit union service . . . [or] a subsidiary of such a bank, savings bank, savings and loan association, credit union, or credit union service" or one that is affiliated with such an institution and is controlled by it. O.R.C. § 1345.01(J)(2).

component[2] (doc. 13).   According to Plaintiffs, even if the transaction is determined to be solely a real estate transaction, that is a determination for a jury to make and is not appropriate for a 12(c) motion (Id. citing Brown v. Liberty Clubs, Inc., 543 N.E.2d 783 (Ohio 1989)).   Furthermore, Plaintiffs contend the act of attempting to collect payments should subject Defendant to liability. (Id. citing Estep v. Johnson, 123 Ohio. App. 3d 307 (1998)).   Additionally, Plaintiffs argue that seeking to collect a debt not owed is a violation of the FDCPA, and violations of the FDCPA are subject to the OSCPA (doc. 13, citing Becker v. Montgomery, Lynch, 2003 U.S. Dist. LEXIS 24992 (February 26, 2003, N.D. Ohio)).

As for the remainder of its attack, on Counts VI and VII, Defendant argues that Plaintiffs cannot bring their tort causes of action under Ohio law (Id.).   Defendant contends such counts are based on contract theories, and under Ohio law, Plaintiffs cannot

---

[2] O.R.C. § 1345.01(A) defines "consumer transaction" as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household . . . ."   More significantly, a consumer transaction includes "transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers." O.R.C. § 1345.01(A).   However, O.R.C. does not include mortgage servicers explicitly into its definitions of any of those terms.   A pure real estate transaction is not subject to the OSCPA.   In a mixed transaction, the OSCPA is applicable only to that portion of the transaction that involves personal property or services.   Childs v. Charske, 822 N.E.2d 853 (Ohio 2004); Brown v. Liberty Clubs, Inc., 543 N.E.2d 783 (Ohio 1989).

bring a contract case as a tort claim (Id.).    In response, Plaintiffs assert their right to plead in the alternative according to Federal Rule of Civil Procedure 8(d) (Id.). Consequently, Plaintiffs argue that their contract and tort claims can be brought alternatively in the same action (Id.).

In Defendant's Reply in Support of their Motion for Partial Judgment on the Pleadings, Defendant denies Plaintiffs' assertions and reiterates its position that Plaintiffs have failed to state a claim under the OCSPA (doc. 15). As a result, Defendant contends it is entitled to judgment on the pleadings with respect to Counts V-VII (Id.).

## II. Applicable Legal Standard

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same de novo standard that is applicable to a motion to dismiss under Rule 12(b)(6) (See United Food and Commercial Workers Local 1099 v. City of Sidney, 364 F.3d 738, 745 (6th Cir. 2004) citing Ziegler v. IBP Hog Mkt., 249 F.3d 509, 11-12 (6th Cir. 2001)). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th

5

Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

6

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), quoting <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).

**III. Analysis**

   The Court notes that the question of whether mortgage servicers fall within the "supplier" definition of the OCSPA is an unsettled question under Ohio law, as at least one court has found in the affirmative, while another has recommended certification of such question to the Ohio Supreme Court. <u>Dowling v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 87098 (Dec. 1, 2006 S.D. Ohio)) (explaining that there is no clear statutory reason to not include mortgage servicers in the purview of the OCSPA); <u>but see</u> <u>Anderson v. Barclays Capital Real Estate, Inc.</u>, 2010 WL 2541807, (N.D. Ohio 2010) (declining to extend the <u>Dowling</u> holding and recommending certification on the question of whether a mortgage servicer is a supplier for purposes of the OCSPA to the Ohio Supreme Court).

   This Court is inclined to follow <u>Dowling</u> and rejects Defendant's narrow interpretation of the OCSPA. Under the facts of this case, it is clear that Defendant is a "person engaged in the business of effecting. . .consumer transactions," and is therefore subject to the OCSPA. O.R.C. § 1345.02(C). The Court further finds well-taken Plaintiffs's contention that the transaction was not a pure real estate transaction, and instead was a mixed transaction because it involved a provision of servicing and payment collection services, to which the OCSPA applies with respect to the portion of the transaction involving services and personal property. <u>Brown</u>, 543 N.E.2d 783. Finally, the Court

agrees with Plaintiffs that Defendant's claim lacks merit that its status as a subsidiary of a national bank excludes it from the OSCPA's prohibitions. Defendant incorrectly interprets the exclusion of subsidiaries from the definitions of "loan officer," mortgage broker," and "nonbank mortgage lender," in O.R.C. § 1345.01(H)(2), (J)(2), and (K), to somehow apply to "suppliers," that is, those who are engaged in the business of effecting consumer transactions. In conclusion, therefore, the Court finds that Plaintiffs' Complaint pleads facts to state a claim under the OCSPA entitled to relief that is plausible on its face. <u>Twombley</u>, 550 U.S. 544 (2007).

Defendant's arguments as to Counts VI and VII also fail. Though Defendant argues that Ohio law does not permit bringing a tort claim when a contract cause of action exists, Plaintiffs correctly state that under Rule 8(d) they may plead contract and tort causes of action in the alternative. "A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or separate ones." Fed. R. Civ. P. 8(d)(2). Consequently, the Court rejects Defendant's attack as to Counts VI and VII.

## IV.  Conclusion

Having reviewed this matter, the Court does not find Defendant's motion for judgment on the pleadings well-taken. Plaintiffs have sufficiently alleged their cause of action under

the OCSPA and their tort theories may be pleaded in the alternative. Accordingly, the Court DENIES Defendants' Motion for Partial Judgment on the Pleadings (doc. 8).


        SO ORDERED.

Dated: July 21, 2011            s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge